# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED OHIO INSURANCE CO., | : | Case No.: ___:20-cv-_____ |
| **Plaintiff,** | : | **JUDGE** |
| V. | : | |
| TRAVIS HENDERSON CONSTRUCTION, LLC 502 EAST CANAL STREET ANSONIA, OH 45303, | : | **COMPLAINT FOR DECLARATORY JUDGMENT** |
| AND | : | |
| TRAVIS HENDERSON THC, LLC, 502 EAST CANAL STREET ANSONIA, OH 45303, | : | |
| AND | : | |
| DANIEL SEAL 4828 UNION PIKE RICHMOND, IN 47374, | : | |
| AND | : | |
| AMANDA SEAL 4828 UNION PIKE RICHMOND, IN 47374, | : | |
| **Defendants.** | : | |

The Plaintiff, United Ohio Insurance Co. ("United Ohio"), by and through counsel, and for its Complaint for Declaratory Judgment against the Defendants, Travis Henderson Construction, LLC Travis Henderson THC, LLC, Daniel Seal and Amanda Seal, states as follows:



## THE PARTIES

1. United Ohio is an insurance company duly organized and existing under the laws of the State of Ohio, with its principal place of business in Ohio, and is an authorized insurer in the State of Ohio.

2. At all times relevant herein, Defendant, Travis Henderson Construction, LLC ("Travis Henderson Construction"), was doing business in Richmond, Wayne County, State of Indiana, with its principal place of business located at 502 East Canal Street, Ansonia, Ohio 45303.

3. At all times relevant herein, Defendant, Travis Henderson THC, LLC ("Travis Henderson THC"), was doing business in Richmond, Wayne County, State of Indiana, with its principal place of business located at 502 East Canal Street, Ansonia, Ohio 45303.

4. At all times relevant herein, Defendant, Daniel Seal, was a resident of Richmond, Wayne County, State of Indiana.

5. At all times relevant herein, Defendant, Amanda Seal, was a resident of Richmond, Wayne County, State of Indiana.

## JURISDICTION AND VENUE

6. United Ohio incorporates by reference all previous allegations contained in this Complaint for Declaratory Judgment as if fully rewritten herein.

7. Federal subject matter jurisdiction exists in this matter pursuant to 28 U.S.C. § 1332 because the parties hereto are citizens of different states and the amount in controversy exceeds Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs. Federal subject matter jurisdiction is also invoked pursuant to declaratory judgment provisions 28 U.S.C. §§ 2201 and 2202.

8. Pursuant to U.S.C. § 1391, venue is appropriate in this jurisdiction because United Ohio issued an Ohio insurance policy to Travis Henderson THC and/or Travis Henderson



Construction in Darke County, Ohio and therefore, the coverage dispute that gives rise to this action occurred in this judicial district.

## THE CONTRACT

9. United Ohio incorporates by reference all previous allegations contained in this Complaint for Declaratory Judgment as if fully rewritten herein.

10. United Ohio insured Travis Henderson THC under a Businessowners Coverage Form policy of insurance, bearing policy number BP 0036322, for the policy period beginning on February 19, 2018 and ending on February 19, 2019 (the "Contract"). A certified copy of the Contract is attached as Exhibit No. 1.

11. The Contract was issued to an Ohio-based insured, consistent with Ohio law and therefore, Ohio law applies to this coverage dispute.

12. While Travis Henderson THC is the named insured on the Contract, the entity is registered with the Ohio Secretary of State as Travis Henderson Construction, with the same address and registrant address as listed under the Contract, during the time period when the underlying dispute transpired which gives rise to this coverage dispute. For purposes of seeking declaratory relief, Travis Henderson THC and Travis Henderson Construction shall be collectively referred to as THC in this Complaint for Declaratory Judgment.

## FACTS UNDERLYING THE CONTROVERSY

13. United Ohio incorporates by reference all previous allegations contained in this Complaint for Declaratory Judgment as if fully rewritten herein.

14. On or about August 3, 2018, Mr. and Mrs. Seal and THC entered into a contract for a three-wall addition to their house located at 4828 Union Pike, in Richmond, Indiana (the "House"),



which included the installation of framing, exterior insulation and drywall (the "Project"). Mr. and Mrs. Seal promised to pay THC $46,240.00 for its work on the Project.

15. At some point on or after August 3, 2018, a dispute arose between Mr. and Mrs. Seal and THC concerning the performance of and payment for the work on the Project.

16. At some point on or after August 3, 2018, Mr. and Mrs. Seal contacted THC about workmanship issues on the House, in particular that they noticed water leaking where the three-wall addition met the existing portion of the House.

17. The actions and/or inactions which gave rise to this Complaint for Declaratory Judgment are subject to a lawsuit styled *THC, LLC v. Dan Seal, et al.*, which was filed on or about September 24, 2018, is pending before the Wayne County Superior Court, Division 1, bearing Case No. 89D01-1809-MI-000112, in Wayne County, Indiana (the "Underlying Lawsuit"). A copy of Mr. and Mrs. Seal's Answer and Counterclaim (the "Counterclaim") filed in the Underlying Lawsuit is attached as Exhibit No. 2.

18. THC failed to provide prompt notice to United Ohio of the Counterclaim filed by Mr. and Mrs. Seal against it, in the Underlying Lawsuit.

19. In their Counterclaim, Mr. and Mrs. Seal allege that on or around August 3, 2018, the parties entered into another contract where THC would install and trim cabinets throughout the House in exchange for paying an adjusted total sum of $55,085.00.

20. At all times relevant herein, Mr. and Mrs. Seal allege they have paid THC a total sum of $38,165.87, but have not paid the remainder of the contract price because THC did not complete the work outlined in the parties' agreement.

21. At all times relevant herein, Mr. and Mrs. Seal claim that some of the work, including the construction of the wraparound porch, was not commenced or completed by a target date.



22. In the Underlying Lawsuit, Mr. and Mrs. Seal allege that the following work THC completed was both incomplete and defective: (1) drywall that was hung curves dramatically; (2) additional bedroom was negligently framed; (3) the kitchen cabinets come out of the wall when opened; and (4) the flooring that has been installed is not even and dips.

23. In the Underlying Lawsuit, Mr. and Mrs. Seal allege that THC caused a gap between existing roof and new roof and water damage due to negligent framing of the addition to the House.

24. On or about June 26, 2019, Mr. and Mrs. Seal and THC were required to participate in court-ordered mediation in the Underlying Lawsuit. THC failed to attend the mediation. The court in the Underlying Lawsuit scheduled a pre-trial hearing for August 13, 2019.

25. On or about August 13, 2019, THC also failed to appear at the pre-trial hearing in the Underlying Lawsuit.

26. On or about August 21, 2019, the court in the Underlying Lawsuit issued an Entry dismissing THC's Complaint with prejudice and granting a default judgment in favor of Mr. and Mrs. Seal against THC on their Counterclaim. A copy of the Entry on Hearing, Dismissal of Complaint with Prejudice, and Default Judgment on Counterclaim is attached as Exhibit No. 3.

27. On or about August 23, 2019, the court in the Underlying Lawsuit scheduled a damages hearing on Mr. and Mrs. Seal's Counterclaim for October 15, 2019 at 3:00 p.m. Mr. and Mrs. Seal were instructed by the court in the Underlying Lawsuit to submit a list of evidence and damage amounts 10 days before the damages hearing. A copy of the Order Scheduling Damages Hearing is attached as Exhibit No. 4.

28. On or about August 23, 2019, United Ohio first received notice of the Underlying Lawsuit, the Counterclaim asserted and/or that a default judgment had been entered against THC.



29. On or about September 19, 2019, THC filed a Motion for Relief from Judgment and filed an appearance of counsel on its behalf in the Underlying Lawsuit.

30. On or about October 1, 2019, the court in the Underlying Lawsuit converted the October 15, 2019 damages hearing to a hearing on THC's Motion for Relief from Judgment, ordering all parties and their counsel to be present at the hearing. A copy of the Order is attached as Exhibit No. 5.

31. On or about October 15, 2019, the hearing on THC's Motion for Relief from Judgment went forward, but THC's representative(s) failed to attend the hearing.

32. On or about October 22, 2019, the court in the Underlying Lawsuit issued an Order denying THC's Motion for Relief from Judgment and referred the case to mediation on Mr. and Mrs. Seal's Counterclaim. Copies of the Order and Order to Mediation are attached as Exhibit Nos. 6 and 7.

33. On or about October 31, 2019, the court in the Underlying Lawsuit also scheduled a hearing on Mr. and Mrs. Seal's damages for April 22, 2020 at 1:30 p.m.

34. THC made a claim for coverage, both for a defense and for indemnification, under the Contract issued by United Ohio to THC for the actions and/or inactions described in the Counterclaim in the Underlying Litigation.

35. United Ohio's Contract contains cooperation clauses which are a condition precedent to coverage. The Contract provides, in relevant part:

> **2. Duties In The Event Of Occurrence, Offense, Claim Or Suit**
>
>     **a.** You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:
>
>         **(1)** How, when and where the "occurrence" or offense took place;



    **(2)** The names and addresses of any injured persons and witnesses; and

    **(3)** The nature and location of any injury or damage arising out of the "occurrence" or offense.

  **b.** If a claim is made or "suit" is brought against any insured, you must:

    **(1)** Immediately record the specifics of the claim or "suit" and the date received; and

    **(2)** Notify us as soon as practicable.

  You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

  **c.** You and any other involved insured must:

    **(1)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

    **(2)** Authorize us to obtain records and other information;

    **(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

    **(4)** Assist us, upon our request, in the enforcement of any right against any person or organization that may be liable to the insured because of injury or damage to which this insurance may also apply.

  **d.** No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

36. Under the Contract, an "occurrence" is defined as "[* * *] an accident, including continuous or repeated exposure to substantially the same general harmful conditions" causing bodily injury or property damage.

37. Under the Contract, a "suit" is defined as:



[* * *] a civil proceeding in which damages because of "bodily injury", "property damage", or "personal and advertising injury" to which this insurance applies are alleged. "Suit" includes:

    a. An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

    b. Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

38. Under the Contract, THC has a duty to notify United Ohio of a claim or suit as soon as practicable and United Ohio can deny coverage when there is a finding of prejudice caused by the delay in notice.

39. THC's failure to both provide prompt notice of the Counterclaim and to cooperate in the defense of the Underlying Lawsuit, particularly as it relates to the default judgment entry, is presumed prejudicial to United Ohio and therefore, coverage for the claims asserted against THC in the Underlying Lawsuit is in jeopardy.

40. Under the Contract, the initial extension of coverage provides, in pertinent part:

**SECTION II – LIABILITY**

**A. Coverages**

    **1. Business Liability**

        a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" or any offense and settle any claim or "suit" that may result. [* * *]



    **b.** This insurance applies:

        **(1)** To "bodily injury" and "property damage" only if:
            **(a)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

            **(b)** The "bodily injury" or "property damage" occurs during the policy period [* * *].

41. Thus, in order for any portion of the Contract to apply there must be a "bodily injury" and/or "property damage" caused by an "occurrence" as those terms are defined by the Contract, within the coverage territory, and during the policy periods.

42. The claims against THC in the Counterclaim do not constitute an "occurrence" as defined by the Contract. The terms and conditions of the Contract, including relevant business risk exclusions and/or endorsements, clearly dictate no coverage is owed for damage consisting of the cost to repair or replace the defective or faulty workmanship claims.

43. The Contract provide definitions of "occurrence," "property damage," and "bodily injury" which are not met where the claim involves a breach of contract action against THC for the construction work at the Project. Therefore, no coverage is owed, either a duty to defend or indemnify, THC because a breach of contract claim cannot constitute an "occurrence" under the Contract.

44. The claims against THC in the Counterclaim do not constitute a "personal and advertising injury" as that term is defined in the Contract and therefore, no "offense" is triggered under the liability extension of coverage under the Contract. Further, even if an "offense" was triggered, the Contract also contains various exclusions relative to the personal and advertising injury extension of coverage that would be applicable to Mr. and Mrs. Seal's claims.



45. The Contract also precludes coverage for property damage to a particular part of any property that must be restored, repaired or replaced because THC's work was incorrectly performed on it.

46. The Contract also precludes coverage for property damage to impaired property as that term is defined in the Contract, or property that has not been physically injured arising out of a delay or failure by THC or anyone acting on its behalf to perform a contract or agreement in accordance with its terms.

47. The Contract contains exclusions which explicitly exclude from coverage damages arising out of any cost or damage associated with replacing or repairing THC's work.

48. The Contract also contains an Expected or Intended Acts Exclusion which precludes coverage for and bodily injury or property damage expected or intended from the standpoint of the insured.

49. United Ohio is defending THC under a reservation of rights in the Underlying Litigation. United Ohio acknowledges that it has a duty to defend its insured, THC, but reserves the right to withdraw that defense, subject to any judgment or decision issued in this declaratory judgment action.

50. United Ohio submits that an actual controversy exists by virtue of the fact that THC claims coverage under United Ohio's Contract, a defense is being provided under a reservation of rights based on the allegations in the Counterclaim, and the claimants, Mr. and Mrs. Seal, seek to recover, ultimately, from United Ohio for any judgment they may obtain in the Underlying Litigation.

51. In light of this controversy, United Ohio asks that this Court issue a declaration of rights and duties of the parties hereto and to declare to what extent, if any, United Ohio owes a duty to indemnify THC for any judgment that may be rendered against THC in the Underlying Litigation.



**WHEREFORE**, United Ohio seeks a declaration of its rights as follows:

(1) A declaration that United Ohio has no defense or indemnity obligations based on THC's breach of its cooperation duties under the express terms and conditions of the THC Contract.

(2) A declaration regarding that no coverage is owed, either a continued defense or indemnification, according to any policy terms and conditions, exclusions, or endorsements precluding coverage as discovery or the evidence may reveal, if any at all, as a result of any claims made against THC by Daniel Seal and Amanda Seal with respect to any of the allegations contained in the Counterclaim, the default judgment and any entry of judgment that might be awarded in the Underlying Lawsuit;

(3) An award of attorney fees, costs, and expenses incurred by United Ohio in this action; and,

(4) Any other relief or equity to which United Ohio may be entitled that this Court may deem just an appropriate.

    Respectfully submitted,

_____
Timothy B. Spille (0079555)
Adair M. Smith (0095790)
REMINGER CO., L.P.A.
525 Vine Street, Suite 1700
Cincinnati, OH 45202
Phone: (513) 721-1311
Direct: (513) 455-4052
Fax:   (513) 721-2553
Email: tspille@reminger.com
Email: amsmith@reminger.com
**Attorneys for Plaintiff,**
**United Ohio Insurance Co.**

